RICHARD J. IDELL, ESQ., # 069033
ELIZABETH J. REST, ESQ., # 244756
ROSACLAIRE BAISINGER, ESQ., # 240038
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259



~~ORIGINAL~~ FILED

OCT 20 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff Regal Capital Incorporated,
a California corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGAL CAPITAL INCORPORATED, a California corporation, also doing business as REGAL HOME ENTERTAINMENT, INC. <br><br> Plaintiff, <br><br> vs. <br><br> KARAOKE DISCOUNT CENTER, a California corporation; KARAOKE DISCOUNT CENTER II, INCORPORATED, a California corporation, doing business as TPD DISCOUNT CENTER; KARAOKE OUTLET, INCORPORATED, a California corporation and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: C 08-04498 SI <br><br> **[PROPOSED] PRELIMINARY INJUNCTION** <br><br> **Date:** October 20, 2008 <br> **Time:** 10:00 a.m. <br> **Courtroom:** 10 |

The above-captioned matter came on for hearing on October 20, 2008, at 10:00 a.m. before the Honorable Judge Susan Illston, pursuant to a Temporary Restraining Order, Seizure Order and Order to Show Cause Re: Preliminary Injunction issued on October 2, 2008 ("Order"). Richard J. Idell of Idell & Seitel LLP appeared on behalf of Plaintiff REGAL CAPITAL INCORPORATED, a California corporation, also doing business as REGAL HOME ENTERTAINMENT, INC. ("Plaintiff"), _No one_ appeared on behalf of Defendant KARAOKE DISCOUNT CENTER, a California corporation ("KARAOKE DISCOUNT"), _No one_ appeared on behalf of Defendant KARAOKE DISCOUNT CENTER II, INCORPORATED, a California corporation, doing business as TPD DISCOUNT CENTER ("KARAOKE DISCOUNT II"), and

1  ___No one___ appeared on behalf of Defendant KARAOKE OUTLET,
2  INCORPORATED, a California corporation ("KARAOKE OUTLET").

3  Pursuant to the Order, Defendants KARAOKE DISCOUNT, KARAOKE DISCOUNT II and
4  KARAOKE OUTLET (collectively referred to herein as "Defendants"), were to show cause and file
5  answering papers to the Order to Show Cause Re: Preliminary Injunction no later than October 20,
6  2008.

7  The Court, having reviewed the moving papers and Plaintiff's Supplemental Brief and Report
8  on Seizure and accompanying Declarations, and having determined that the Defendants have been
9  properly served with process in the above-entitled action, and having determined that the Plaintiff has
10 shown probable success on the merits and irreparable harm if this Order does not issue, and GOOD
11 CAUSE APPEARING THEREFOR:

12  IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

13  (a)  During the pendency of this action, Defendants KARAOKE DISCOUNT CENTER, a
14 California corporation; KARAOKE DISCOUNT CENTER II, INCORPORATED, a California
15 corporation, doing business as TPD DISCOUNT CENTER; KARAOKE OUTLET,
16 INCORPORATED, a California corporation and DOES 1 through 100, inclusive, and each of their
17 parent, subsidiary, affiliated and related business entities, and all of the officers, directors,
18 shareholders, members, partners, agents, representatives, servants, confederates, employees, attorneys,
19 successors and assigns of the foregoing, and any and all persons acting in concert or participation with
20 them, and any other persons acting for, with, by, through or under them, who receive actual notice of
21 this Preliminary Injunction, during the pendency of this action and until further order of this Court, are
22 hereby enjoined and restrained from the following:

23  (i)  Importing, making, manufacturing, copying, marketing, distributing, selling, offering
24      for sale, renting, leasing and/or otherwise trafficking, including but not limited to over
25      the Internet, ("Trafficking") in Unauthorized Copies of audio-visual content and/or
26      products the copyrights to which are owned or licensed by Plaintiff, whether
27      heretofore released or to be released after date of this Order, (hereinafter collectively
28      referred to as "Plaintiff's Exclusive Copyrighted Programs"), including but not

limited to those programs listed on the Exhibit "A" to the Verified Complaint. The term "Unauthorized Copy" means a copy of Plaintiff's Exclusive Copyrighted Programs which was not authorized and sold by Plaintiff or through Plaintiff's chain of distribution, and includes, but is not limited to, counterfeit copies and/or imports in violation of Plaintiff's exclusive copyright licenses or other interests.

(ii) Directly or indirectly infringing the copyrights of Plaintiff in any manner, and from causing, contributing to, or participating in the unauthorized importation, duplication, manufacture, distribution or sale of Plaintiff's Exclusive Copyrighted Programs, and from offering for rent or sale, renting, selling, or otherwise distributing any Unauthorized Copies of Plaintiff's Exclusive Copyrighted Programs, including but not limited to the program titles listed on Exhibit "A" to the Verified Complaint herein, which exhibits are hereby incorporated by reference, and attached hereto as Exhibit "A";

(iii) Directly or indirectly using Plaintiff's trademarks, trade names or service marks, including the marks listed in the Verified Complaint as follows: (1) a unique and inherently distinctive mark consisting of a stylized "R," with a crown on top, which is referred to herein as "the Regal Mark," Reg. No. 1,476,660 on the Principal Register of the United States Patent and Trademark Office; (2) a unique and inherently distinctive service mark for "Regal Home Entertainment," Reg. No. 1,797,599 on the Principal Register of the United States Patent and Trademark Office; and (3) a unique and inherently distinctive mark for "Regal Home Video."

(iv) Shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving or disposing of in any manner videotapes, VCDs, DVDs, laser discs, or other infringing items containing Plaintiff's Exclusive Copyrighted Programs, or bearing Plaintiff's trademarks, or any reproduction, counterfeit, copy, or colorable imitation of the same;

(v) Shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving or disposing of in any manner any and all boxes, labels, or other merchandise

and items, including, but not limited to, recording and duplicating equipment, used in the manufacture and/or distribution of such infringing merchandise; and

(vi) Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v); and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

(b) Defendants, and each of them, are required to deliver to Plaintiff's counsel forthwith any and all such infringing merchandise in their possession, custody, or control for impoundment; and

(c) Defendants, and each of them, are required to deliver to Plaintiff's counsel forthwith any and all videotapes, VCDs, DVDs, boxes, labels, or other merchandise and items, including, but not limited to, recording and duplicating equipment, used in the manufacture and/or distribution of such infringing merchandise.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court confirms the seizures made pursuant to this Court's order and during the pendency of this action all articles seized, including, but not limited to, any videotapes, VCDs, DVDs, laser discs, or other infringing articles, boxes, labels, and other infringing merchandise, including, but not limited to, recording and duplicating equipment, used in the manufacture and/or distribution of such infringing merchandise, and shall remain in the custody of Plaintiff's counsel, as substitute custodian.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the bond, which has been filed by the Plaintiffs in the amount of Five Thousand Dollars ($5,000.00), shall remain the bond on this Preliminary Injunction.

**IT IS SO ORDERED.**

Date: 10/20, 2008

_____
Honorable Susan Illston, District Court Judge

RESPECTFULLY SUBMITTED BY:

Dated: October 20, 2008

IDELL & SEITEL LLP

_____
Richard J. Idell
Elizabeth J. Rest

4
[PROPOSED] PRELIMINARY INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rosaclaire Baisinger
Attorneys for Plaintiff
REGAL CAPITAL INCORPORATED, a California corporation, also doing business as REGAL HOME ENTERTAINMENT, INC.

[PROPOSED] PRELIMINARY INJUNCTION